IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Harold D. Martin, | ) | C/A No. 0:10-243-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. on the motion of the defendant, Commissioner of Social Security ("Commissioner"), to remand this matter. The plaintiff, Harold D. Martin ("Martin"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner, denying his claims for disability benefits.

On August 31, 2010, Martin filed his brief, arguing that the ALJ failed to perform an analysis of Martin's ability to perform his past relevant work in accordance with the requirements of SSR 82-62, 20 C.F.R. § 404.1520, and Fourth Circuit precedent and seeking a remand for payment of benefits, or in the alternative, a remand to resolve the issues raised in his brief. (See Pl.'s Br. at 22, 37, ECF No. 15 at 22, 37.) On October 13, 2010, the Commissioner filed a motion for entry of judgment with order of remand pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 16.) Martin responded in opposition to the motion (ECF No. 19) and the Commissioner replied (ECF No. 20).

**SOCIAL SECURITY DISABILITY GENERALLY**

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which

is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and

(5) whether the claimant's impairments prevent his from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by

obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## DISCUSSION

The Commissioner concedes that the ALJ erred in evaluating whether Martin could return to his past relevant work as a cashier.  Specifically, the Commissioner acknowledges that the ALJ failed to address the apparent conflict in the record concerning the classification of Martin's past work, including whether is was unskilled or semi-skilled, and Martin's residual functional capacity which limited him to unskilled work.  The Commissioner argues that additional proceedings are necessary to address the conflict and determine whether Martin can return to his past work. Therefore, the Commissioner requests that this matter be remanded for the ALJ to hold a *de novo* hearing and issue a new decision.  The Commissioner states that upon remand the Appeals Council will direct the ALJ to (1) "[f]urther consider the claimant's ability to perform his past relevant work pursuant to the requirements of Social Security Rulings 82-61 and 82-62" and (2) "[i]f applicable, reevaluate the claimant's ability to perform other work which exists in significant numbers in the national economy and obtain supplemental evidence from a vocational expert."  (ECF No. 16-1 at 2.)

Martin opposes this motion, arguing that this action should not be remanded for further proceedings but should be remanded for an award of benefits.  In the alternative, Martin argues that if this matter is remanded for additional proceedings the court should include instructions that the matter be assigned to a different ALJ and that "the other findings [in the ALJ's decision] are supported by substantial evidence," thus limiting remand review to the two issues stated by the Commissioner. (Pl.'s Resp. Opp'n Motion to Rem. at 3-4, ECF No. 19 at 3-4.)  Thus, it appears that

the parties agree that the ALJ's decision should not be affirmed and the question before the court is whether this matter should be remanded for additional proceedings or an award of benefits.

In this case, the ALJ found that Martin could return to his past work as a "cashier," and therefore determined that Martin was not disabled at Step Four of the five-step sequential evaluation. Martin contends that he did not actually perform this past work and that there is no evidence in the record to refute that assertion. Further, Martin asserts that as there is no evidence that he could return to any of his past work, the ALJ would have to proceed to Step Five and, based on Martin's age and residual functional capacity, application of the Medical-Vocational Guidelines ("the Grids") would result in finding that Martin is disabled.

Sentence Four of § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The Court of Appeals for the Fourth Circuit has held that reversal without remand is appropriate "where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." Breeden v. Weinberger, 493 F.2d 1002, 1012 (4th Cir. 1974). The court has reviewed the record and the parties' filings in this matter and finds that reopening the record would serve a useful purpose. The parties agree that the ALJ erred in analyzing whether Martin is capable of returning to his past work; however, it appears that, due to discrepancies in the record, additional evidence is necessary to properly make this determination. Further, the court observes that in Martin's initial brief he requested that this matter be reversed for an award of benefits, or in the alternative, that this matter be remanded to resolve the issues raised in his brief. (Pl.'s Br. at 37, ECF No. 15 at 37.) Therefore,

the court concludes that remanding this matter for further specific proceedings is appropriate.[1] See

id.; see also Timmerman v. Comm'r of Social Security, C/A No. 2:07-3745-HFF-RSC, 2009 WL

500604 (D.S.C. Feb. 26, 2009) (unpublished) (observing that factors in deciding whether to remand

for consideration of additional evidence or for an award of benefits include:  that deference cautions

in favor of remand, plaintiff's court submissions include requests that this matter be remanded, and

when evidence in the record does not overwhelmingly support a finding of disability).

### RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's motion to remand

(ECF No. 16) be granted and that this action be remanded pursuant to sentence four of § 405(g) to

the Commissioner for additional proceedings.  The court further recommends that these additional

proceedings include only further consideration of Martin's ability to perform his past relevant work

pursuant to the requirements of Social Security Rulings 82-61 and 82-62 and, if applicable,

reevaluation of Martin's ability to perform other work which exists in significant numbers in the

national economy, including if necessary, obtaining supplemental evidence from a vocational expert.

Finally, the court recommends that due to the current posture of the case, the Commissioner shall

issue a new decision as expeditiously as possible.

February 8, 2011                                                          Paige J. Gossett
Columbia, South Carolina                                      UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[1] With regard to Martin's request that the court include an instruction that this matter be assigned to a new ALJ, the court observes that the Commissioner has presented valid reasons for objecting to this request and that Martin has failed to provide any support for such a request. Therefore, it should be denied.  However, to the extent that Martin has requested that the remand be limited to the two specific issues that the Commissioner appears to concede warrant the remand, the Commissioner has not provided any argument in opposition to this request in his reply.  Therefore, the court finds that it is appropriate to limit the remand of this matter to those issues.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).