IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harold D. Martin, | ) |
| Plaintiff, | ) C/A No. 0:10-243-RMG-PJG |
| v. | ) **ORDER** |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Social Security benefits. Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C., which recommends remanding the decision of the Commissioner. Neither party has objected to the Magistrate Judge's recommendation. This Court has conducted a thorough review of the Record and for the reasons set forth below, the Court adopts the Report and remands the case to the Commissioner for additional, expedited, proceedings.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject,

or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir.1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir.1971). The Court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir.1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir.1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. Richardson v. Perales, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.1987).

## DISCUSSION

The Magistrate Judge recommends that this Court grant Commissioner's motion to remand for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Magistrate Judge also recommends that the Commissioner's additional proceedings only consider Social Security Rulings 82-61 and 82-62, which state and explain the procedures to be used to determine claimant's ability to perform his past relevant work and, if applicable, reevaluation of Martin's ability to perform other work which exists in significant numbers in the national economy, including if necessary, obtaining supplemental evidence from a vocational expert. Finally, the Magistrate Judge also recommends that the Commissioner issue a new decision as expeditiously as possible. The Commissioner concedes that the ALJ failed to address the apparent conflict in the record concerning the classification of Martin's past work, including whether is was unskilled or semi-skilled, and Martin's residual functional capacity which limits him to unskilled work. Therefore, the Commissioner requests that this matter be remanded for the ALJ to hold a *de novo* hearing and issue a new decision.

Martin opposes this motion, arguing that this action should be remanded for an award of benefits. In the alternative, Martin argues that if this matter is remanded for additional proceedings the matter should be assigned to a different ALJ and limited to review of only the two issues stated by the Commissioner. (Dkt. No. 19 at 3-4.) Thus, the parties agree that the ALJ's decision should not be affirmed and the question before the court is whether this matter should be remanded for additional proceedings or an award of benefits.

Sentence Four of § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision

of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The Court of Appeals for the Fourth Circuit has held that reversal without remand is appropriate "where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." Breeden v. Weinberger, 493 F.2d 1002, 1012 (4th Cir. 1974). This Court has reviewed the record and the parties' filings in this matter and finds that reopening the record would serve a useful purpose as additional information is needed to determine whether Martin is capable of returning to his past work, if he should be awarded benefits, and to resolve the issues raised in his brief. Therefore, this Court remands this matter for additional proceedings.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that the Commissioner's decision is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further additional proceedings consistent with this Order. Further, the ALJ is ordered to hold an *expedited* hearing and issue a prompt decision as to Plaintiff's eligibility for disability benefits. **AND IT IS SO ORDERED.**

The Honorable Richard Mark Gergel
United States District Judge

Charleston, South Carolina
February 28 2011